UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Halston O. Lenentine, Jr.
and Lorraine K. Downs

    v.                                                Civil No. 15-cv-361-LM
                                                      Opinion No. 2017 DNH 144

Farm Service Agency


**O R D E R**

    Plaintiffs Halston Lenentine and Lorraine Downs brought suit in state court against the Farm Service Agency ("FSA"), seeking an ex parte restraining order and to enjoin the foreclosure sale of their home. FSA removed the case to this court. The court granted FSA's assented-to motion to stay the case, to allow plaintiffs time to sell a portion of their property for a sum sufficient to pay off the amount due to FSA under the parties' mortgage agreements. Plaintiffs have been unable to sell a portion of their property to pay off their mortgage debt, and FSA now moves for summary judgment. Plaintiffs do not object.

**STANDARD OF REVIEW**

    A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, the court construes all

facts and reasonable inferences in the light most favorable to the nonmovant. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

Where a summary judgment motion is unopposed, the motion is not automatically granted. See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006). Rather, "the district court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Id. (internal quotation marks, alteration, and citation omitted). Pursuant to Local Rule 56.1(b), "[a]ll properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party."

## BACKGROUND

From June 2001 through August 2007, Lenentine and Downs executed five promissory notes in favor of FSA in exchange for five separate loans, each of which was secured by a mortgage on their property in Holderness, New Hampshire. The five loans were as follows: (1) $82,000 on June 1, 2001; (2) $40,680 on April 25, 2002; (3) $128,476.80 on January 2, 2003; $132,084.89 on January 26, 2005; and (5) $139,963.80 on August 9, 2007.

Plaintiffs are in default of their obligations under each of their five mortgage agreements with FSA and their obligations

under the August 9, 2007 promissory note.[1]  Each of the mortgages contains a default provision allowing FSA to, among other remedies, foreclose on plaintiffs' property.  FSA attempted to foreclose on the property in September 2014, but plaintiffs obtained a preliminary injunction from the Grafton County Superior Court stopping the foreclosure days before it was scheduled.  See Case No. 215-2014-CV-319.

After the superior court issued the preliminary injunction, FSA and plaintiffs, who were represented by counsel, entered into an agreement, in which FSA agreed that it would not exercise its right to foreclose on plaintiffs' property until March 30, 2015 (the "Agreement").  Under the Agreement, plaintiffs agreed to sell their property or a subdivided portion of the property to satisfy their debt to FSA in full.  The Agreement also stated that if plaintiffs failed to sell the property and satisfy their debt in full on or before March 30, 2015, FSA would have the unconditional right to foreclose on the property.  In addition, the Agreement stated that if FSA attempted to foreclose on the property,

> Plaintiffs agree not to either individually or jointly file any bankruptcy petition, complaint or other action with the purpose to enjoin such sale in state or federal court; Plaintiffs will not take any other action intended to hinder or delay any sale scheduled by the FSA on or after March 30, 2015.

---

[1] The record is unclear as to whether plaintiffs are in default of their obligations under the other promissory notes.

Between the date of the Agreement and the deadline set forth therein (March 30, 2015), plaintiffs failed to sell any portion of their property or pay their mortgage debt to FSA. FSA scheduled a foreclosure sale for September 1, 2015.  Despite the terms of the Agreement prohibiting plaintiffs from filing an action to enjoin the sale, plaintiffs brought this suit in Grafton County Superior Court, seeking a temporary restraining order and a permanent injunction to prevent FSA from foreclosing on their property.  In their complaint, plaintiffs failed to disclose to the superior court that they had agreed not to challenge any foreclosure sale.

The superior court granted plaintiffs a temporary restraining order.  FSA removed the case to this court and now seeks summary judgment.

## DISCUSSION

The undisputed evidence shows that plaintiffs are in default of their obligations under their mortgage agreements and that, as a consequence, FSA has the right to foreclose on their property.  Plaintiffs agreed not to challenge any foreclosure sale by FSA.  Therefore, plaintiffs are not entitled to interfere with FSA's attempt to foreclose on the property and FSA is entitled to summary judgment.

**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment (doc. no. 19) is granted.  The clerk of court shall enter judgment accordingly and close the case.

_____
Landya B. McCafferty
United States District Judge

July 26, 2017

cc:   Ernest James Ciccotelli, Esq.
      Michael T. McCormack, Esq.